Amanda L. Zablocki
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN GOMES, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXTRA SPACE STORAGE, INC. and EXTRA SPACE MANAGEMENT, INC., and JOHN DOE COMPANIES 1-50,<br><br>Defendants. | Civil Action No. 13-Civ-929 (KSH)(PS)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Extra Space Storage Inc. and Extra Space Management, Inc. (collectively, "Defendants"), by and through the undersigned counsel, answers the complaint of plaintiff Steven Gomes, Jr. ("Plaintiff") in the above-entitled action (the "Complaint"), as follows:

## ANSWER

1. Defendants admit that Plaintiff purports to bring this action as described in paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint, except admit that Plaintiff seeks the damages and remedies described therein.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint, except admit that Plaintiff seeks the damages and remedies described therein.

7. Defendants lack sufficient knowledge or information to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 9 of the Complaint.

10. The allegations contained in paragraph 10 of the Complaint call for a legal conclusion to which no response is required.

11. The allegations contained in paragraph 11 of the Complaint call for a legal conclusion to which no response is required.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint, except admit that Plaintiff and Extra Space Management, Inc. entered into the referenced Rental Agreement.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint, except admit that Plaintiff and Extra Space Management, Inc. entered into the referenced Rental Agreement.

14. In response to the allegations contained in paragraph 14 of the Complaint, Defendants refer the parties and the Court to the referenced rental agreement for the terms thereof.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint, and refer the parties and the Court to the referenced rental agreement.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint, and refer the parties and the Court to the referenced rental agreement for the terms thereof.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. In response to the allegations contained in paragraph 18 of the Complaint, Defendants refer the parties and the Court to the referenced "Addendum" for the terms thereof.

19. In response to the allegations contained in paragraph 19 of the Complaint, Defendants refer the parties and the Court to the referenced "Addendum" for the terms thereof.

20. In response to the allegations contained in paragraph 20 of the Complaint, Defendants refer the parties and the Court to the referenced "Addendum" for the terms thereof.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in paragraph 22 of the Complaint.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 23 of the Complaint, except admit that Plaintiff failed to make payments as required.

24. Defendants admit the allegations contained in paragraph 24 of the Complaint, except deny that Defendant Extra Space Storage Inc. sent the referenced notice.

25. In response to the allegations contained in paragraph 25 of the Complaint, Defendants refer the parties and the Court to the referenced "Foreclosure Notice" for the terms thereof.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. In response to the allegations contained in paragraph 28 of the Complaint, Defendants refer the parties and the Court to the referenced "Foreclosure Notice" for the terms thereof.

29. The allegations contained in paragraph 29 of the Complaint call for a legal conclusion to which no response is required.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. The allegations contained in paragraph 31 of the Complaint call for a legal conclusion to which no response is required.

32. The allegations contained in paragraph 32 of the Complaint call for a legal conclusion to which no response is required.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 37 of the Complaint, except admit that advertisements for the auctions were placed, and refers the parties and the Court to the referenced advertisements.

38. Defendants admit that an auction took place on February 16, 2012. The remaining allegations contained in paragraph 38 call for a legal conclusion to which no response is required.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint, and refer the parties and the Court to N.J.S.A. 2A:44-191(e)(3) for the contents thereof.

41. Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 41 of the Complaint, and further denies those allegations.

42. Defendants admit the allegations contained in paragraph 42 of the Complaint, except deny that Defendant Extra Space Storage Inc. sold Plaintiff's property.

43. Defendants admit the allegations contained in paragraph 43 of the Complaint, except deny that Defendant Extra Space Storage Inc. remitted the referenced check.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants admit that plaintiff purports to bring this action as a class action as described in paragraph 47 of the Complaint, and Defendants deny that this action is appropriate for resolution on a class-wide basis.

48. The allegations contained in paragraph 48 of the Complaint call for a legal conclusion to which no response is required.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. The allegations contained in paragraph 52 of the Complaint call for a legal conclusion to which no response is required.

53. Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 60 of the Complaint.

61. Defendants repeat and incorporate by reference each of the responses, above, to the preceding paragraphs of the Complaint.

62. The allegations contained in paragraph 62 of the Complaint call for a legal conclusion to which no response is required.

63. The allegations contained in paragraph 63 of the Complaint call for a legal conclusion to which no response is required.

64. In response to the allegations contained in paragraph 64 of the Complaint, Defendants refer the parties and the Court to N.J.S.A. 56:12-15 and N.J.S.A. 56:12-17 for the terms thereof.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. In response to the allegations contained in paragraph 66 of the Complaint, Defendants refer the parties and the Court to N.J.S.A. 56:12-16 for the terms thereof.

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants repeat and incorporate by reference each of the responses, above, to the preceding paragraphs of the Complaint.

69. In response to the allegations contained in paragraph 69 of the Complaint, Defendants refer the parties and the Court to N.J.S.A. 56:8-2 for the terms thereof.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in paragraph 75 of the Complaint.

76. Defendants repeat and incorporate by reference each of the responses, above, to the preceding paragraphs of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants repeat and incorporate by reference each of the responses, above, to the preceding paragraphs of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. The allegations contained in paragraph 82 of the Complaint call for a legal conclusion to which no response is required.

83. The allegations contained in paragraph 83 of the Complaint call for a legal conclusion to which no response is required.

84. Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 85 of the Complaint, and further denies those allegations.

86. Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. Defendants lack sufficient knowledge or information to form a belief as to the truth of allegations contained in paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in paragraph 88 of the Complaint, except admit that it purports to state plaintiff's requests for relief.

89. Defendants repeat and incorporate by reference each of the responses, above, to the preceding paragraphs of the Complaint.

90. In response to the allegations contained in paragraph 90 of the Complaint, Defendants refer the parties and the Court to N.J.S.A. 56:12-15 and N.J.S.A. 56:12-17 for the terms thereof.

91. Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Complaint.

93. The allegations contained in paragraph 93 of the Complaint call for a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

The Complaint fails to state a claim.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Causation)

Damages to which Plaintiff or any members of the purported class may be found entitled to in this action, if any, were not directly or proximately caused, in whole or in part, by Defendants.

## THIRD AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff and the class members have not suffered any damages as a result of any actions taken by Defendants and are thus barred from asserting any cause of action against Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### (No Value/Value of Stored Property)

The Complaint is barred in whole or in part because Plaintiff and the class members' property had no value, including but not limited to objective market value, and Defendants had no reason to know of any nonmonetary personal value the property had to Plaintiff and the class members. In any event, Plaintiff and the class members agreed that the total value of the stored property shall not exceed $5,000 without written permission.

## FIFTH AFFIRMATIVE DEFENSE

### (Abandonment)

The Complaint is barred in whole or in part because Plaintiff and the class members abandoned their property.

## SIXTH AFFIRMATIVE DEFENSE

### (Contract)

The Complaint is barred based on the contract between the parties, including but limited to the exculpatory provision in paragraph 15 of the contract.

## SEVENTH AFFIRMATIVE DEFENSE

### (Authorization of Law, Statute, and/or Contract)

The Complaint is barred because the acts and omissions of Defendants, if any, were at all times legal and authorized by law, statute, and/or contract.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver and Release/Estoppel)

Plaintiff and any members of the purported class, by virtue of their actions, waived and released any and all purported claims against Defendants, and are estopped from asserting any cause of action against Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Fault of Others)

The Complaint is barred in whole or in part because the violations, losses, harms, injuries or damages alleged in the Complaint were proximately caused solely by the acts, omissions, negligence, fraud, breach of obligations, and/or fault of third parties.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint is barred in whole or in part by the applicable statute of limitations, including but not limited to paragraph 24 of the contract.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Non-Certifiable Class)

Defendants are informed and believe, and on that basis allege, that this action is not properly brought as a class action.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Standing)

## SEVENTH AFFIRMATIVE DEFENSE

### (Authorization of Law, Statute, and/or Contract)

The Complaint is barred because the acts and omissions of Defendants, if any, were at all times legal and authorized by law, statute, and/or contract.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver and Release/Estoppel)

Plaintiff and any members of the purported class, by virtue of their actions, waived and released any and all purported claims against Defendants, and are estopped from asserting any cause of action against Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Fault of Others)

The Complaint is barred in whole or in part because the violations, losses, harms, injuries or damages alleged in the Complaint were proximately caused solely by the acts, omissions, negligence, fraud, breach of obligations, and/or fault of third parties.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint is barred in whole or in part by the applicable statute of limitations, including but not limited to paragraph 24 of the contract.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Non-Certifiable Class)

Defendants are informed and believe, and on that basis allege, that this action is not properly brought as a class action.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Standing)

Plaintiff and/or the class members lack standing to assert any cause of action against Defendants, because they have not suffered an injury in fact or lost money or property as a result of Defendants' allegedly wrongful conduct, and they have no real interest in the ultimate adjudication of this action and have not suffered and are not about to suffer an injury of sufficient magnitude that reasonably assures all the relevant facts and issues will be adequately presented.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendants are informed and believe, and based thereon allege, that Plaintiff and the class members have failed to mitigate damages, if any. Consequently, damages awarded to Plaintiff or the class members, if any, must be reduced accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's and the class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Set-Off, Offset, Recoupment)

Defendants are informed and believe, and based thereon allege, that Plaintiff's and the class members' claims are barred, in whole or in part, by the doctrine of and are subject to setoff, offset, and/or recoupment.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Abstention)

The Court should abstain from adjudicating Plaintiff's and the class members' claims and/or providing them with the requested relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff and the class members consented and/or acquiesced to all of the acts and conduct of Defendants and thus Plaintiff's and the class members' claims are barred.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Excuse)

Any failure by Defendants to perform under and/or abide by the provisions of the alleged contract was excused by Plaintiff's and the class members' prior breach of the alleged contract. Plaintiff's and the class members' breaches include, but are not limited to, their failure to pay rent on their storage units.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Privity)

Plaintiff's and the class members' claims against Defendant Extra Space Storage Inc. are barred because no privity of contract exists between them and Defendant Extra Space Storage Inc.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Collateral Estoppel/Res Judicata)

Many of the class members' claims are barred by the doctrines of collateral estoppel and/or res judicata.

## **PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff and members of the purported class take nothing by way of the Complaint;

2. For costs of suit incurred herein;

3. For attorneys' fees if and to the extent authorized by law, statute, or contract; and

4. For such other and further relief as this Court deems just and proper.


Dated: New York, New York  
March 8, 2013

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____  
Amanda L. Zablocki

30 Rockefeller Plaza  
New York, New York 10112  
Telephone: (212) 653-8700  
Facsimile: (212) 653-8701  
azablocki@sheppardmullin.com

*Attorneys for Defendants*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

Pursuant to Rule 11.2 of the New Jersey Local Rules of Civil Procedure, the undersigned hereby certifies that the claims in the above-captioned action are not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:   New York, New York
         March 8, 2013

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____
Amanda Zablocki, Esq
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 653-8700
*Attorney for Defendants*

Amanda L. Zablocki
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN GOMES, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXTRA SPACE STORAGE, INC. and EXTRA SPACE MANAGEMENT, INC., and JOHN DOE COMPANIES 1-50,<br><br>Defendants. | Civil Action No. 13-Civ-929 (KSH)(PS)<br><br><u>CERTIFICATE OF SERVICE</u> |

AMANDA ZABLOCKI, hereby affirms under penalty of perjury: I am not party to this action, am over 18 years of age and reside in New York County, New York.

On March 8, 2013, a true and correct copy of Defendants Extra Space Storage, Inc. and Extra Space Management, Inc.'s Answer in the above-captioned matter was served on the following via ECF and electronic mail upon:

Ben A. Kaplan, Esq.
The Wolf Law Firm, LLC
1520 U.S. Hwy. 130-Suite 101
North Brunswick, NJ 08902
bkaplan@wolflawfirm.net
*Attorneys for Plaintiffs*

Dated: New York, New York
March 8, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: *Amanda Zablocki*
Amanda Zablocki, Esq.
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 653-8700
*Attorney for Defendants*

Amanda L. Zablocki
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN GOMES, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXTRA SPACE STORAGE, INC. and EXTRA SPACE MANAGEMENT, INC., and JOHN DOE COMPANIES 1-50,<br><br>Defendants. | Civil Action No. 13-Civ-929 (KSH)(PS)<br><br><u>CERTIFICATE OF SERVICE</u> |

AMANDA ZABLOCKI, hereby affirms under penalty of perjury: I am not party to this action, am over 18 years of age and reside in New York County, New York.

On March 8, 2013, a true and correct copy of Defendants Extra Space Storage, Inc. and Extra Space Management, Inc.'s Answer in the above-captioned matter was served on the following via ECF and electronic mail upon:

Ben A. Kaplan, Esq.
The Wolf Law Firm, LLC
1520 U.S. Hwy. 130-Suite 101
North Brunswick, NJ 08902
bkaplan@wolflawfirm.net
*Attorneys for Plaintiffs*

Dated: New York, New York
March 8, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: *Amanda Zablocki*
Amanda Zablocki, Esq.
30 Rockefeller Plaza
New York, NY 10112
Tel.: (212) 653-8700
*Attorney for Defendants*