## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN GOMES, JR., on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>EXTRA SPACE STORAGE, INC. and EXTRA SPACE MANAGEMENT, INC., and JOHN DOE COMPANIES 1-50.<br><br>  Defendants. | Civil Action No. 2:13-cv-929 (KSH) (CLW)<br><br><br>Oral Argument: February 2, 2015 |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Daniel Brown, *pro hac vice*
Amanda Zablocki
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:   (212) 653-8701

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.
A Professional Corporation
Court Plaza North
25 Main Street
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile

*Attorneys for Defendants Extra Space Storage, Inc.*
*and Extra Space Management, Inc.*

## TABLE OF CONTENTS

I.  SUMMARY OF REPLY……………………………………… ……1

II. ARGUMENT……………………………………………..…………… ……..2

    A. Plaintiff Fails To State A Consumer Fraud Act Claim Arising From His Conclusory Allegations of Unconscionability…… ……...2

        1.  Plaintiff Fails to Respond to The Dispositive Case...……..2

        2.  Plaintiff's Conclusory Allegations Cannot Support A Claim……………………………………………………6

    B. Plaintiff Fails To Rebut The Argument That He Fails To Allege Any Ascertainable Loss Proximately Arising From The Rental Agreement………………………………………………………8

    C. Plaintiff's TCCWNA Allegations Arising From The Rental Agreement………………………………………………………9

    D. Plaintiff's TCCWNA Allegations Arising From The Lien Notices……………………………………………………....13

    E. Plaintiff Lacks Article III Standing To Bring A TCCWNA Claim………………………………………………………….14

III. CONCLUSION………………………………………………………15

## TABLE OF AUTHORITIES

Page(s)

Cases

*A.J. Tenwood Associates v. Orange  Sr. Cit. Housing,* …………………1, 11
   200  N.J. Super. 515 (App.  Div. 1985)

*Associates Home Equity Serv's, Inc. v. Troup*, …………………………… ….4
   778 A.2d 529 (N.J. Super. 2001)

*Beals v. Bank of America,* …………………………………………………6
   No. 10-5428, 2011 WL 5415174 (D.N.J. Nov. 4, 2011)

*Bosland v. Warnock Dodge, Inc.*, …………………………………………9
   197 N.J. 543, 549 (N.J. 2009)

*Ciser v. Nestle Waters North America, Inc.,* ……………………………*passim*
   No. 2:11-05031, 2013 WL 5774121 (D. N.J. Oct. 24, 2013)

*Ciser v. Nestle Waters North America, Inc.,* ……………………………*passim*
   2015 WL 75235 (3rd. Cir. Jan. 7, 2015)

*Cox v. Sears Roebuck & Co.*, …………………………………………9
   647 A.2d 454 (N.J. 1994)

*D'Ercole Sales, Inc. v. Fruehauf Corp.*, ………………………………… 5
   206 N.J. Super. 11 (App. Div. 1985)

*Eagle Fire Protection Corp. v. First Indem. Of Am. Ins. Co.,* .……………11
   145 N.J. 345  (1996)

*Fed. Deposit Ins. Corp. v. Bathgate,* …………………………………………6
   27 F.3d 850 (3d Cir. 1994)

*Fenwick v. Kay American Jeep, Inc.*, ……………………………………… 4
   72 N.J. 372 (1977)

*Green v. Morgan Properties,* ……………………………………………… 4
   215 N.J. 431 (2013)

*Hassler v. Sovereign Bank*, ……………………………………………………3
    644 F. Supp. 2d 509 (D.N.J. 2009)

*In re Natl'l Credit Mgmt. Grp., LLC*, …………………………………4, 5
    21 F.Supp.2d 424 (D.N.J. 1998)

*Johnson v. Wynn's Extended Care*, ……………………………10, 11, 12
    No. 12-cv-79, 2014 WL 5292318 (D.N.J. Oct. 15, 2014)

*Kane v. U-Haul Int'l, Inc.,* ………………………………………………4
    218 Fed.Appx. 163 (3d Cir.2007)

*Kugler v. Romain*, ………………………………………………………3
    279 A.2d 640 (1971)

*Lopresti v. Wells Fargo Bank, N.A.*, …………………………………3
    435 N.J.Super. 311 (App. Div. 2014)

*Martina v. LA Fitness*....……………………………………………4, 13
    2012 WL 3822093 (D.N.J. Sept. 4, 2012)

*Martinez-Santiago v. Public Storage*, Inc., …………………………11, 12, 13
    No. 14-303, 2014 WL 4053960 (D. N.J. Aug. 14, 2014)

*McGarvey v. Penske Auto. Grp., Inc.*, …………………………………15
    No. 08-5610, 2011 WL 1325210 (D.N.J. Mar. 31, 2011)

*McGarvey v. Penske Auto Grp., Inc.*, …………………………………14, 15
    486 Fed. App'x. 276 (3d Cir. 2012)

*McNair v. Synapse Group, Inc.*, …………………………………………14
    672 F.3d 213 (3d Cir. 2012)

*Meshinsky v. Nichols Yacht Sales, Inc.*, …………………………………4, 5
    541 A.2d 1063 (N.J. 1988)

*Metlife Capital Fin. Corp. v. Wash. Ave. Assocs. L.P.*, …………………………7
    159 N.J. 484 (N.J. 1999)

*Mirra v. Holland America Line*, ………………………………………11
    331 N.J. Super. 86 (App. Div. 2000)

*Perez v. Rent-a-Center,* …………………………………………………………4
  892 A.2d 1255 (2006)

*Quigley v. Esquire Deposition Services, LLC,* …………………………………5
  409 N.J. Super. 69 (App. Div. 2009)

*Reed v. Zipcar,* …………………………………………………………………8
  527 Fed.Appx.20, 2013 WL 3744090 (1st Cir. July 17, 2013)

*Reddick v. Allstate New Jersey Ins. Co.,* ………………………………………3
  No. 11-365 (KSH), 2011 WL 6339688 (Dec. 16, 2011)

*Rivera v. Washington Mutual Bank,* …………………………………………13
  637 F.Supp.2d 256 (D.N.J. 2009)

*Romano v. Galaxy Toyota,* ………………………………………………………8
  945 A.2d 49 (App. Div. 2008).

*Sauro v. LA Fitness Int'l. LLC,* …………………………………………………8
  2013 WL 978807 (D.N.J. Feb. 13, 2013)

*Slack v. Suburban Propane Partners, L.P.,* ……………………………………3
  No. 10-2548, 2010 WL 5392845 (D.N.J. Dec. 22, 2010)

*Smajlaj v. Campbell Soup Co.,* …………………………………………………4
  782 F.Supp.2d 84 (2011)

*Winograd v. Carnival Corp.,* …………………………………………………11
  2011 WL 9318 (App. Div. May 18, 2010)

Statutes

N.J.S.A. 56:12-16…………………………………………………………………12

N.J.S.A. 56:12-17…………………………………………………………………14

# I.  <u>SUMMARY OF REPLY</u>

Plaintiff's Opposition[1] is notable in that it fails to address the arguments and controlling case law that demonstrate why Defendants' Motion should be granted. Perhaps most notably, Plaintiff failed to address the strikingly similar case of *Ciser v. Nestle Waters North America, Inc.,* recently affirmed by the Third Circuit, which dismissed a CFA claim based on conclusory allegations of "unreasonably large" late fees.  In fact, Plaintiff fails to address any of the cases cited by Defendants which similarly mandate dismissal of a CFA claim where, as here, (1) the allegedly objectionable fees are fully disclosed in the agreement at issue, and (2) the allegations of an "unconscionable commercial practice" based on "excessive" fees are conclusory and not supported with factual allegations.  Instead of addressing Defendants' arguments and supporting case law, Plaintiff cites cases that are entirely inapposite because they do not even address the issue of whether allegedly improper fees were fully disclosed, and, unlike the FAC, contain detailed allegations of deceptive acts and omissions separate and apart from the mere inclusion of allegedly "excessive" fees.  Because Plaintiff fails to address Defendants' arguments and applicable case law, and does not allege any facts in

---

[1] References to the: (i) "Motion" refer to Defendants' motion to dismiss [ECF #42-1], (ii) "Opposition" or "Opp." refer to Plaintiff's opposition brief [ECF #56], (iii) "FAC" refers to Plaintiff's First Amended Complaint [ECF #34].

support of his claim of an "unconscionable commercial practice," the Court should

grant Defendants' Motion to dismiss Plaintiff's CFA claims.

As to Plaintiff's TCCWNA claims, Plaintiff either fails to address

Defendants' arguments or relies on tortured interpretations of the provisions at

issue, demonstrating that, at a minimum, none of the purportedly offensive

provisions violates any "clearly established legal right."  Finally, there is no

dispute that TCCWNA does not define its critical term — "clearly established

legal right" — rendering it unconstitutionally vague and ambiguous.

## II.   <u>ARGUMENT</u>

### A.   **Plaintiff Fails To State A Consumer Fraud Act Claim Arising <u>From His Conclusory Allegations of Unconscionability</u>**

#### 1.   <u>Plaintiff Fails To Respond To The Dispositive Cases</u>

In the Motion, Defendants demonstrated, with citations to many cases, that

Plaintiff's CFA claim fails because it is based upon: (1) fees that are fully

disclosed in the agreement at issue, and (2) conclusory allegations of an

"unconscionable commercial practice" and "excessive" fees.  *See* Motion at 10-14.

Tellingly, Plaintiff ignores the cases in the Motion, including *Ciser v. Nestlé*

*Waters North America, Inc.* ("*Ciser I*"), No. 2:11-05031, 2013 WL 5774121, at *4-

5 (D. N.J. Oct. 24, 2013), which case has since been affirmed by *Ciser v. Nestlé*

("*Ciser II*"), 2015 WL 75235 (3rd. Cir. Jan. 7, 2015).  *Ciser* is based on strikingly

similar facts and warrants dismissal of Plaintiff's CFA claim. *Ciser I*, 2013 WL

5774121, at *4-5 (dismissed CFA claim arising from allegedly unconscionable late

fees where it was "a fact that Nestlé disclosed it might charge $15 late fees" and the plaintiff therefore could not "plausibly allege that Nestlé acted in a misleading fashion when it came to charging him $15 late fees."). Plaintiff simply does not address *Ciser* or any of the many the cases that instruct that a CFA claim based on allegedly unreasonable fees must be dismissed when, like here, the agreement containing those fees "contain[s] the very information that Plaintiff[] allege[s] was misrepresented, suppressed, or concealed." *Hassler v. Sovereign Bank*, 644 F. Supp. 2d 509, 517 (D.N.J. 2009).[2]

Plaintiff instead cites cases that are inapposite because, unlike here, those cases concern allegations of misleading or deceptive conduct beyond the imposition of allegedly improper fees.[3] In addition, the Third Circuit has flatly

---

[2] *See, e.g., Reddick v. Allstate New Jersey Ins. Co.*, No. 11-365 (KSH), 2011 WL 6339688, at *8 (Dec. 16, 2011) (where a "defendant's practices, as described in the complaint, are consistent with the language of the [] contract, [] defendant's decision to abide by those terms cannot constitute an unconscionable practice."); *Lopresti v. Wells Fargo Bank, N.A.*, 435 N.J.Super. 311 (App. Div. 2014) ("we fail to see how defendant's . . . collection of the disclosed additional $345 charge satisfies the requirements of the CFA."); *Slack v. Suburban Propane Partners, L.P.,* No. 10-2548, 2010 WL 5392845, at *4-5 (D.N.J. Dec. 22, 2010) ("Plaintiffs do not allege that Defendants charged them higher rates or fees than that agreed upon. . . . without more, the Court cannot conclude that Defendants engaged in any unlawful practice.").

[3] *Kugler v. Romain*, for example, concerned the alleged fraudulent sale of educational materials to "large segments of disadvantaged and poorly educated people," by "unethical solicitors bent on capitalizing upon their weakness." 279 A.2d 640, 536 (1971). Here, Plaintiff has not alleged any sort of inequality in bargaining power, and, to the contrary, courts have recognized that "a self-storage
(footnote continued)

rejected Plaintiff's central argument that the CFA allows a plaintiff to bring a claim

challenging late fee assessments without alleging any deception or misleading

contractual provisions, *see* Opp. at 14, because "[*t*]*he capacity to mislead is the*

*prime ingredient* of deception or an unconscionable commercial practice." *Ciser*

*II*, 2015 WL 75235, at *4-5 (quoting *Fenwick v. Kay American Jeep, Inc.*, 72 N.J.

372, 378 (1977)) (emphasis in original).  Contrary to Plaintiff's arguments, "the

CFA requires *some element of deceptive conduct*, explicit or implicit, to be

actionable as an unconscionable practice.  The capacity to deceive is conceptually

different from a showing of fraud or deception in fact." *Ciser II*, at *4 (emphasis

---

facility is considered more akin to a lease for commercial space." *Kane v. U-Haul Int'l, Inc.,* 218 Fed.Appx. 163, 166 (3d Cir.2007).  Plaintiff's other cases are similarly distinguishable.  *See Green v. Morgan Properties,* 215 N.J. 431, 454 (2013) (concerning a "contract[] of adhesion");  *Smajlaj v. Campbell Soup Co.*, 782 F.Supp.2d 84, 97 (2011) (concerning "the marketing of merchandise and real estate whereby the consumer could be victimized by being lured into a purchase through fraudulent, deceptive, or other similar kind of selling or advertising practices.") (internal citation and quotation marks omitted). In *Martina v. LA Fitness,* 2012 WL 3822093, at *3 (D.N.J. Sept. 4, 2012), the fact that a customer was locked into an extra month's membership, and not the price of the membership, was deceptive. *Id.* (noting that if "the dues were simply included in the initiation fee" it would not have been unconscionable); *Perez v. Rent-a-Center,* 892 A.2d 1255 (2006) (lessor of household goods charged interest in excess of criminal usury statutes); *Associates Home Equity Serv's, Inc. v. Troup,* 778 A.2d 529, 538 (N.J. Super. 2001) (discriminatory and predatory lending claim formed the basis for CFA claim); *In re Nat'l Credit Mgmt. Grp., LLC,* 21 F.Supp.2d 424, 452 (D.N.J. 1998) (granting preliminary injunction where demonstrated that the defendant "prey[ed] upon economically dis-advantaged individuals," with misleading acts about the nature of the services); *Meshinsky v. Nichols Yacht Sales,* (footnote continued)

added). *See also Quigley v. Esquire Deposition Services, LLC*, 409 N.J. Super. 69, 79 (App. Div. 2009) (a CFA claim cannot "be stated solely by an allegation that the price of a product was excessive, without consideration of the manner in which it was marketed.").[4]

Despite the absence of any allegation in the FAC that the late fees were misleading in any way, Plaintiff asks this Court to allow this class action to proceed because a liberal standard applies to a complaint on a motion to dismiss and the CFA is broadly construed.  However, "[p]lausibility [of a claim] requires more than a sheer possibility that a defendant has acted unlawfully." *Ciser II*, 2015 WL 75235, at *5 ("Ultimately, however, [the] decision rests upon the insufficiency of [Plaintiff's] pleading.").  Here, not only does Plaintiff fail to address the case law that requires dismissal because the fees at issue were fully disclosed in the Rental Agreement, but the FAC also contains no factual allegations to support the

---

*Inc.*, 541 A.2d 1063, 1068 (N.J. 1988) (alleged misrepresentations, forgery and falsification of loan documents constituted unconscionable acts).

[4] This principle is recognized in the very cases that Plaintiff cites.  *See e.g., In re Nat'l Credit Mgmt. Grp., LLC*, 21 F.Supp.2d at 449 (stating that "the capacity to mislead is at the heart of the definition of an unlawful practice") (citations omitted); *D'Ercole Sales, Inc. v. Fruehauf Corp.*, 206 N.J. Super. 11, 23 (App. Div. 1985) ("unconscionability must be equated with the concepts of deception, fraud, false pretense, misrepresentation, concealment and the like").

allegation that the fees are unconscionable or that Defendants engaged in any deceptive or misleading act or practice.[5]

## 2.    Plaintiff's Conclusory Allegations Cannot Support A CFA Claim

Plaintiff's allegations that the Fees were "excessive" and amount to a "penalty rather than a reasonable estimate of damages resulting from late payment of rent," FAC ¶¶ 17, 92, are the epitome of conclusory allegations that fail to satisfy a plaintiff's pleading requirements.  *Ciser II*, 2015 WL 75235, at *5 (dismissing CFA claim based on late fees where there was no factual information to support Plaintiff's conclusory allegations that the actual costs incurred by the defendant was "grossly disproportionate" to the late fee charged); *see also Fed. Deposit Ins. Corp. v. Bathgate*, 27 F.3d 850, 876-77 (3d Cir. 1994) (applying heightened pleading standard to CFA claims); *Beals v. Bank of America,* No. 10-5428, 2011 WL 5415174, at *17 (D.N.J. Nov. 4, 2011) (same).

In fact, while Plaintiff recognizes the factors that courts consider to determine unconscionability, such as the intentions of the parties, actual damages sustained, the bargaining power of the parties, common practice in a competitive

---

[5] Plaintiff's argument that "[t]he mere fact that a business has disclosed a fee, when that fee is unconscionable, does not transform an unconscionable fee into a lawful fee," Opp. at 9, ignores the case law and is a red herring.  To plead a claim under the CFA, a plaintiff must plead facts to support an allegation of unconscionability. Just saying a fee is "unconscionable" or "excessive", as Plaintiff does here, does not make it so as a matter of law.

industry, and whether the harm is difficult to estimate, Opp. at 12 (citing *Ciser*, 2013 WL 5774121, at *3), the FAC contains no factual allegations regarding these factors.  As such, Plaintiff has failed to plausibly allege that anything was unconscionable.[6]  Rather, the sole fact that Plaintiff relies on to purportedly demonstrate the unconscionability of the late fees is that, together with the pre-foreclosure fees, the late fees amount to greater than one-month's rent.  However, this argument was flatly rejected in *Ciser I*.  2013 WL 5774121, at *4 (disclosed "late fee was not unreasonable, even if [it] sometimes amounted to more than 100% of the underlying bill."), *aff'd* 2015 WL 75235.

In sum, Plaintiff's conclusory allegations that the late fees are "excessive" and "amount to penalties" are insufficient to state a plausible claim for relief under the CFA.  *See Ciser II*, 2015 WL 75235, at *5-6 ("[w]e must disregard [plaintiff's] conclusory allegations stating that [defendant's] scheme is 'oppressive,'

---

[6] Plaintiff argues that "[w]ithout those proofs . . . this Court cannot determine that the [fees] were reasonable . . . and therefore cannot dismiss the claims."  *See* Opp. At 13-14.  However it is *Plaintiff's* burden to support his claims with "well-pled factual allegations."  *Ciser II*, 2015 WL 75235, at *5 ("the party challenging the enforcement of a specific damages clause has the burden to prove the fee unreasonable as an affirmative defense against the fee's enforcement") (citing *Metlife Capital Fin. Corp. v. Wash. Ave. Assocs. L.P.,* 159 N.J. 484, 494 (N.J. 1999)).  While Plaintiff cites *Metlife* for the proposition that an "unreasonably large liquidated damages" term is an unenforceable penalty, *Metlife* is a summary judgment decision and, as explained herein, Plaintiff fails to plead any of the factors that *Metlife recognizes* could support such a determination such as "common practice in a competitive industry." *Id.,* 159 N.J. at 499.

'exorbitant and illegal,' and 'stratospheric.'"); *Ciser I*, 2013 WL 5774121, at *4

(citing with approval *Reed v. Zipcar*, 527 Fed.Appx.20, 2013 WL 3744090, at *1

(1st Cir. July 17, 2013) for the proposition that a plaintiff "cannot show that the late

fee is 'grossly disproportionate' to the expected harm caused by the late returns

without coming up with a reasonable approximation of that harm," and holding

that plaintiff's allegations – which contained much more factual support than the

FAC – were still "not plausible."). Accordingly, Plaintiff has failed to state a claim

under the CFA, and the Court should dismiss the Fourth Count of the FAC.

**B.** **Plaintiff Fails To Rebut The Argument That He Fails To Allege Any Ascertainable Loss Proximately Arising From *The Rental Agreement***

Plaintiff's CFA arising from the Rental Agreement claim should be

dismissed because the FAC does not contain any allegations plausibly supporting a

claim of ascertainable loss arising from the mere presence of any *fees in the Rental*

*Agreement* (as opposed to the Notice of Lien). *See* Motion at 14-16.

Nowhere in the FAC does Plaintiff even attempt to allege, as required to plead

ascertainable loss, that he "receive[d] 'something less than, and different from,

what they reasonably expected in view of defendant's presentations," *Sauro v. LA*

*Fitness Int'l. LLC,* 2013 WL 978807, *8 (D.N.J. Feb. 13, 2013) (citations omitted),

or paid a price that was different than the value of any product, *Romano v. Galaxy*

*Toyota*, 945 A.2d 49, 57 (App. Div. 2008). As such, the Court should dismiss the

Fourth Count of the FAC.

Plaintiff also fails to address the argument that he did not suffer an ascertainable loss that was proximately caused by entering into the Rental Agreement.  That is, even if the mere imposition of late fees could itself be considered an ascertainable loss (and it cannot), Plaintiff still fails to allege any causal link between those fees and an alleged loss.  Because Plaintiff has failed to plead what, if any, amount he was overcharged, he has failed to plead an ascertainable loss.[7]

## C.  Plaintiff's TCCWNA Allegations Arising From the Rental Agreement

As explained below, Plaintiff's arguments in support of his TCCWNA allegations are based on tortured interpretations of the provisions and laws at issue, which further demonstrates why Plaintiff fails to properly allege that any provisions violate any "clearly established legal right."

First, as demonstrated above, Plaintiff fails to state a CFA claim and has thus not identified any "clearly established legal right" that was violated by the inclusion of a contractual provisions providing for Fees.

---

[7] Plaintiff relies on *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 464 (N.J. 1994), for the proposition that an improper debt or lien may constitute an ascertainable loss, but in *Cox* Plaintiff was not entitled to trebled damages under the CFA where the allegedly improper debt and lien were not the result of consumer fraud. *Id.* ("Because the improper debt and lien were not the result of Sears' consumer fraud, plaintiff is not entitled to have those damages trebled as consumer-fraud damages."). *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 549 (N.J. 2009) (footnote continued)

Plaintiff does not dispute Defendants' arguments that the provision permitting the sale of a tenant's property "at a public or private sale, in accordance with the provisions of applicable law" does not violate the TCCWNA. Motion at 19-21.  Plaintiff also fails to respond to the arguments that an *ipso facto* provision does not violate the TCCWNA because: (1) the clause can and will be enforced in certain circumstances, (2) no violation existed at the time of contracting, and (3) the allegations are preempted by the Bankruptcy Code.  *Id.* at 22-23.

Plaintiff's argument that the provision that "Owner may sell the occupant's personal property in a commercially reasonable manner after giving reasonable notice" violates the TCCWNA because it does not recite each of the specific requirements of the SSFA fails because not only is the provision entirely consistent with the SSFA, but neither the SSFA nor the TCCWNA require that each term be recited in its entirety.[8]  Moreover, even if there was such a requirement (and there is not), any failure to recite it would be an omission which cannot violate the

---

is inapposite because the plaintiff *paid* an improper overcharge, and the issue was whether the ability to seek a refund negated the ascertainable loss.

[8] *See Johnson v. Wynn's Extended Care*, No. 12-cv-79, 2014 WL 5292318, at *10 (D.N.J. Oct. 15, 2014) (where "the only way to write such an . . . agreement free from a TCCWNA challenge under Plaintiff's theory is to set forth all the various scenarios" that might render the provision invalid under New Jersey law, such a requirement would be an 'impermissible obstacle to the accomplishment of' those very laws, and thus cannot form the basis of a TCCWNA claim.").

TCCWNA. *See* Motion at 21-22. At the very minimum, these provisions do not violate any "clearly established legal right."

Plaintiff's argument that the Rental Agreement violates the TCCWNA because it "impermissibly shorten[s] the statute of limitations for actions brought under the SSFA, the TCCWNA and/or the CFA" is belied by the well-settled law enforcing contractual limitation periods.[9] Given the judicial approval of limiting provisions, here, the provision does not violate a "clearly established legal right." *Martinez-Santiago*,[10] upon which plaintiff relies is not tenable, particularly after the decision in *Johnson*, which held that "[a] contractual provision cannot be the basis for a TCCWNA claim where the provision does not violate a consumer's clearly established rights when applied in the context of certain causes of action . . . but could be read to violate a consumer's clearly established rights when applied in the context of other causes of action (such as a CFA claim). The New Jersey Legislature could not have possibly intended this result." 2014 WL 5292318, at

---

[9] *Mirra v. Holland America Line,* 331 N.J. Super. 86, 91 (App. Div. 2000) ("N.J.S.A. 2A:14-1 "does not prohibit parties to a contract from stipulating to a shorter time period."); *Winograd v. Carnival Corp.,* 2011 WL 9318, at *2-3 (App. Div. May 18, 2010); *see also Eagle Fire Protection Corp. v. First Indem. Of Am. Ins. Co.,* 145 N.J. 345, 354 (1996); *A.J. Tenwood Associates v. Orange Sr. Cit. Housing,* 200 N.J. Super. 515 (App. Div. 1985).

[10] *Martinez-Santiago v. Public Storage*, Inc., No. 14-303, 2014 WL 4053960 (D. N.J. Aug. 14, 2014) recognizes the enforceability of contractual limitations periods but denied a motion to dismiss a TCCWNA claim where the defendant alleged that it barred plaintiff from raising defenses prior to when a claim was even brought.

*8.  Here, Plaintiff argues that the Rental Agreement *could* potentially run afoul of the CFA and TCCWNA *in the event* Plaintiff waits over a year to bring his claims. The speculation that at some point in the future Defendants may seek to characterize an affirmative defense as a "cause of action" does not rise to the level of a violation of a "clearly established legal right."  Moreover, Plaintiff's claim would improperly abrogate the common law right to a shortened limitations period. *See Johnson* at *9 (citing the TCCWNA, "nothing contained herein shall be construed to  . . . abrogate any common law . . . right").

Finally, Plaintiff argues that the provisions providing "as permitted by the applicable state law," "[e]xcept as required by law," and "in accordance with the provisions of applicable law" violate the TCCWNA because Defendants must include a "definite statement that, 'Yes, this provision is valid in New Jersey,' or 'No, this provision is not valid in New Jersey.'"  Opp. at 28.  Not only would this be an unreasonably "onerous burden," *see Johnson*, 2014 WL 5292318, at *10, but the TCCWNA only applies to provisions that state they may be "void, unenforceable or inapplicable in <u>some jurisdictions</u> without specifying which provisions are or are not void, unenforceable or inapplicable <u>within the State of New Jersey.</u>"  N.J.S.A. 56:12-16 (emphasis added).  Unlike *Martinez-Santiago*, where "[t]he provision in the lease agreement plainly communicates that some terms of the agreement may be invalid or prohibited in the state in which the

premises are located," *Martinez-Santiago*, 2014 WL 4053960 at *9, here, nowhere in the Rental Agreement does it state or even imply that certain provisions will be applicable or inapplicable in one jurisdiction, but not New Jersey.[11]  To the contrary, the provisions evidence an intent to be "coextensive with the laws of New Jersey," and are consistent with, not violative of, the TCCWNA.[12]

**D.**   **Plaintiff's TCCWNA Allegations Arising From The Lien Notices**

Plaintiff's argument that the Notice of Lien (the "Notice") violates the SSFA because it does not explicitly state that the tenant can cure his default is based on mischaracterizing the provision and the SSFA.  First, the SSFA does not require such a statement in the Notice of Lien and, even if it did, omissions cannot constitute violations of the TCCWNA.  *See* Motion at 28-29.  Second, contrary to Plaintiff's argument any reasonable reading of the Notice does indicate that the tenant can cure his default.  *See* FAC, Ex. C. (informing Plaintiff he has "fifteen (15) days" to pay the balance, and, only if he "fail[s] to comply," would a  lien be

---

[11] The reference in the Rental Agreement, which was entered into in New Jersey, to "the state and local laws governing self-storage facilities" cannot reasonably be read to imply that the state and local laws of some other state apply.

[12] *See* Motion at 20; *Martina*, 2012 WL 3822093, at * 4 (stating that contract did not create rights greater than "permitted under the laws of the State of New Jersey . . .  shows an attempt by the drafter to conform to New Jersey laws."); *Rivera v. Washington Mutual Bank*, 637 F.Supp.2d 256, 268  (D.N.J. 2009) (provisions which "merely incorporate applicable law" do not "suggest that the provisions violate any law.").

-13-

imposed).  In addition, the Notice arises from the Rental Agreement, which states that Occupant "may stop the sale by paying in full."  FAC, Ex. A at ¶ 12.

Plaintiff's allegations concerning the description of his property fails because his storage unit is a locked container and "may be described without listing its contents." N.J.S.A. 2A:44-191(c)(2).  Plaintiff's tortured interpretations demonstrate the absence of a violation of a "clearly established legal right." *See McGarvey v. Penske Auto Grp., Inc.*, 486 Fed. App'x. 276, 282 (3d Cir. 2012) (the TCCWNA "was not intended to include the type[] of right at issue here, where the violation of the right is unclear.").

## E.   Plaintiff Lacks Article III Standing to Bring A TCCWNA Claim

Contrary to Plaintiff's argument, Defendants do not contend that monetary or "actual damages" are required to have standing.  However, the TCCWNA itself limits recovery to "aggrieved" consumers, indicating that some injury must be pled, N.J.S.A. § 56:12-17, and Plaintiff fails to satisfy his "burden of establishing [an] injury-in-fact" because he simply does not plead any injury arising from his claims under the TCCWNA, *McNair v. Synapse Group, Inc.*, 672 F.3d 213, 223 (3d Cir. 2012). Plaintiff also fails to respond to the argument that his claim seeks to provide a "back-door" to bring a CFA claim without an ascertainable loss.

## F.   The TCCWNA Violates Due Process And Is Void For Vagueness

Plaintiff does not address the Motion's central argument, and thus there is no dispute, that the TCCWNA provides no guidance whatsoever as to its critical term, a

-14-

violation of a "clearly established legal right," as opposed to a "legal right" (which term itself is vague and ambiguous),[13] including, for example, at what precise amount a fee violates a "legal right" let alone a "clearly established legal right," rendering the term superfluous and the TCCWNA void. *McGarvey v. Penske Auto. Grp., Inc.*, No. 08-5610, 2011 WL 1325210, at *5 (D.N.J. Mar. 31, 2011) ("there [is] no established standard putting Defendant on notice that its conduct was prohibited."), *affirmed by* 486 F. App'x at 282, n.8 (3d Cir. 2012) ("'clearly established legal right' is not clear and unambiguous.").

Plaintiff argues that some aspects of the TCCWNA are not vague and a statute is only unconstitutional if it lacks "any valid application," but that argument concerns other portions of the TCCWNA, ignores that vagueness of the TCCWNA's critical term at issue, and, in any event, this argument only applies to a facial challenge. Plaintiff, however, does not address the argument that the TCCWNA is unconstitutional as applied to Defendants, which it plainly is, as demonstrated by the tortured interpretations upon which Plaintiff attempts to establish violations herein.

## III.  CONCLUSION

Based on the foregoing, the Court should grant the Motion and dismiss the First, Second, and Fourth Counts of the FAC with prejudice.

---

[13] Defendants do not, as Plaintiff argues, contend that specific intent is required, but that the danger of a vague statute is compounded because when it is not.

Dated:  January 16, 2015        Respectfully submitted,


By   s/ Daniel L. Brown
     Daniel L. Brown
SHEPPARD, MULLIN, RICHTER &
     HAMPTON, LLP
30 Rockefeller Plaza, 39th Floor
New York, NY  10112
Tel: (212) 653-8700
     Fax: (212) 653-8701


By   s/ Jamie P. Clare
     Jamie P. Clare
COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile


*Attorneys for Defendants Extra Space Storage, Inc.
and Extra Space Management, Inc.*